EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF WELD<br>STATE OF COLORADO<br><br>Court Address:<br>901 9th Avenue<br>Greeley, CO 80631 | DATE FILED<br>February 18, 2025 9:56 PM<br>FILING ID: 250F2E62591CD<br>CASE NUMBER: 2025CV30142 |
| **Plaintiff: DENISE VELASQUEZ**<br><br>**v.**<br><br>**Defendant: WAL-MART INC.** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>**RAMOS LAW FIRM**<br>Ross Iakovakis # 44104<br>10190 Bannock Street, Suite 200<br>Northglenn CO 80260<br>Phone Number: (303) 733-6353<br>FAX Number: (303) 865-5666<br>E-mail: ross@ramoslaw.com | Case Number:<br><br>Division: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Denise Velasquez, by and through counsel, Ramos Injury Firm, for her Complaint for damages, states and alleges as follows:

## PARTIES

1. At the time of the incident described herein, Plaintiff resided in the State of Colorado, county of Greeley.

2. Upon information and belief, Defendant Wal-Mart, Inc., (hereinafter “Defendant”) was an Arkansas corporation, licensed to do business and doing business in the state of Colorado, county of Weld.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the parties and subject matter herein.

4. Venue is proper in the state of Colorado, county of Weld, because the Plaintiff's injuries and the Defendant's commissions/omissions occurred in the county of Weld.

**GENERAL ALLEGATIONS**

5. Plaintiff incorporates the allegations stated in paragraphs 1 through 4 as though fully set forth herein.

6. On March 24, 2023, Plaintiff was a customer inside the Wal-Mart Supercenter located in Greeley, Colorado, at 920 47th Avenue, Greeley, Colorado 80634.

7. The Premises was owned by the Defendant at the time of the subject incident described herein.

8. As the Plaintiff was doing her grocery shopping, she slipped on a wet substance which was believed to vomit, and injured herself.

9. After the fall, a team member at Wal-Mart told Plaintiff that a child had vomited in four locations around the store, and Plaintiff may have slipped on one of those puddles of vomit. Upon information and belief, none of the vomit stains/spills had been cleaned even though Wal-Mart, by and through its agents, knew about the spill.

10. Defendant knew or should have known of the wet substance/vomit, and failed to take reasonable precautions to clean the area or warn customers, such as Plaintiff, of the dangerous condition posed by the wet substance/vomit.

11. As a direct and proximate result of Defendant's failure to adequately maintain its premises' and failing to clear the spill, Plaintiff slipped and fell, injuring himself.

**FIRST CLAIM FOR RELIEF**
***Premises Liability***
***Violations of C.R.S. § 13-21-115***

12. Plaintiff incorporates the allegations stated in paragraphs 1 through 11 as though fully set forth herein.

13. At all times relevant hereto, Plaintiff was an invitee pursuant to the Colorado Premises Liability Act.

14. At all times relevant hereto, Defendant was a landowner as that term is defined under the Colorado Premises Liability Act, as it was the owner and operator of the Premises.

15. Defendant had a legal duty to exercise reasonable care in maintaining the area in question, by clearing stains and spills such as the wet substance/vomit which caused the Plaintiff's fall as detailed above.

16. Additionally, Defendant had a legal duty to exercise reasonable care with respect to the activities and circumstances existing on the premises.

17. Defendant breached its legal duties by the following acts and/or omissions:

    (a) Failing to clear the wet substance/vomit where Plaintiff fell;
    (b) Failing to make the premises reasonably safe for invitees, such as Plaintiff;
    (c) Failing to place a warning sign or other alert marking the existence of the wet substance/vomit.

18. Defendant knew, or should have known, that the conditions, circumstances, and activities on the premises detailed above would pose an unreasonable risk of danger to invitees, such as Plaintiff.

19. As a direct and proximate result of Defendant's breach of the aforementioned legal duties, Plaintiff suffered injuries, losses, and damages.

20. As a further result of Defendant's negligent conduct, Plaintiff suffered economic and non-economic damages including, but not limited to, pain and suffering, permanent impairment, medical expenses, and loss of the enjoyment of life.

## SECOND CLAIM FOR RELIEF
***Common Law Negligence***

21. Plaintiff incorporates the allegations stated in paragraphs 1 through 20 as though fully set forth herein.

22. Defendant had a legal duty to provide a safe environment for invitees and customers, such as Plaintiff.

23. Further, Defendant had a legal duty to exercise reasonable care with respect to activities on the Premises, including but not limited to properly cleaning and maintaining the aisles and keeping them clear of wet spills and vomit stains.

24. Defendant breached the duty of care by failing to provide a safe environment and, more specifically, failing to clear the aisles of the wet substance/vomit, or otherwise warning customers of the existence of the wet substance/vomit.

25. As a direct and proximate result of the conduct and the breach of the duty of reasonable care, Plaintiff suffered injuries, losses, and damages.

EXHIBIT A

26. As a further result of Defendant' negligent conduct, Plaintiff suffered economic and non-economic damages including, but not limited to, pain and suffering, permanent impairment, medical expenses, and loss of the enjoyment of life.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendant, in an amount to fairly compensate her for the damages as set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper and / or Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate the Plaintiff for past, present and future economic loss;
(b) For an amount which will reasonably compensate the Plaintiff for medical expenses, past and future;
(c) For an amount which will reasonably compensate the Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;
(d) For an amount which will reasonably compensate the Plaintiff for pain and suffering, past and future;
(e) For an amount which will reasonably compensate the Plaintiff for loss of enjoyment of life and/or the capacity of life;
(f) For interest as provided by Statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Respectfully submitted this 18th day of February, 2025.

**RAMOS INJURY FIRM**

/s/ Ross S. Iakovakis

*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office.*

Plaintiff's Address:
C/O Ramos Law Firm
10190 Bannock Street, Suite 200
Northglenn CO 80260